UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
AT NASHVILLE

| | |
|---|---|
| SANDTON CREDIT OPPORTUNITIES MASTER FUND II, LP <br><br> Plaintiff, <br> v. <br><br> TOM A PROMOTIONS, INC. and GEORGE T. ANDREWS, <br><br> Defendants. | CASE NO. 3:13-00217 <br><br> JUDGE Haynes |

## TEMPORARY RESTRAINING ORDER

This matter is before the Court on the *Ex Parte Motion for Temporary Restraining Order* (the "Motion") filed by Plaintiff Sandton Credit Opportunities Master Fund II, LP ("Sandton"). In the Motion, Sandton requests, among other things, that Defendants Tom A Promotions, Inc. ("Tom A") and George T. Andrews (together, the Defendants") and their agents be restrained from directly or indirectly or in any manner selling, transferring, encumbering, giving away, hiding, secreting, destroying, damaging, dissipating, or in any way diminishing the value of the Collateral in the possession of Defendants or wherever located. In support of the Motion, Sandton relies on its *Verified Complaint*, the *Affidavit of Thomas Wood*, the *Affidavit of Allison Economy*, and the *Memorandum of Law in Support of Plaintiff's Motion for Temporary Restraining Order* (the "Memorandum in Support"). Based upon the Motion, the Verified Complaint, the Affidavits, and the Memorandum in Support (collectively, the "TRO Papers"), the Court finds as follows:

1.  Based upon the sworn allegations contained in the Verified Complaint and Affidavit of Thomas Wood, there is a substantial likelihood that Textron will succeed on the

merits of the claims it has asserted. In the TRO Papers Sandton sets forth allegations, which, if proven true, give Sandton a substantial likelihood of succeeding on its claims.

2. It appears that in the absence of a restraining order, Sandton faces the prospect of losing a substantial source of recovery against the Defendants in this case, namely, the Collateral and its proceeds. Such an injury is the kind of irreparable harm contemplated under Fed. R. Civ. P. 65(b).

3. It further appears that the harm to Sandton in the absence of a temporary restraining order is greater than any harm that may befall Defendants after the entry of such an order.

4. The public has a strong interest in deterring and preventing willful breaches of contract, such as alleged by Sandton here. An order restraining Defendants and their agents from further dissipating assets not only prevents them from further engaging in such wrongful conduct, but also sends a message to any other person who may be tempted to willfully violate the contract or property rights of another.

5. For all of the foregoing reasons, this Order is well taken and is being granted without notice to the Defendants.

Accordingly, it is ORDERED, ADJUDGED, and DECREED as follows:

A. The Motion is hereby granted in its entirety.

B. Upon the posting of a bond in the amount of $ 5,000 , Defendants, their officers, agents, servants, employees, and attorneys, as well as those persons in active concert or participation with any of them, are restrained from directly or indirectly or in any manner selling, transferring, encumbering, giving away, hiding, secreting, destroying, damaging, dissipating, or in any way diminishing the value of the Collateral or the Policy in the possession

of Defendants or wherever located, including but not limited to those items set forth on the list attached hereto.

C. Upon the posting of the aforementioned bond, Defendants, their officers, agents, servants, employees, and attorneys, as well as those persons in active concert or participation with any of them, are restrained from directly or indirectly or in any manner withdrawing and/or dissipating any funds or proceeds derived from the sale, use or lease of the Collateral or the Policy.

This Temporary Restraining Order shall expire ten (10) days from the date of entry absent a further order of the Court. This Court shall conduct a hearing for determination of whether cause exists to continue the TRO ~~grant a preliminary injunction~~ on March 15, 2013, at 3:00 p.m. in Courtroom 865, 801 Broadway, Nashville, TN 37203. 5:35 pm JHS

Entered this 12th day of March, 2013, at 5:00 p.m.

_____
DISTRICT COURT JUDGE


SUBMITTED FOR ENTRY:

s/ Allison A. Economy
Allison A. Economy
STITES & HARBISON, PLLC
401 Commerce Street, Suite 800
Nashville, TN 37219
Telephone: (615) 782-2280  Fax: (615) 742-0732
Email: aeconomy@stites.com
*Counsel for Plaintiff Sandton Credit Opportunities Master Fund II, LP*

- 3 -

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing proposed TEMPORARY RESTRAINING ORDER will be personally served with the Verified Complaint and sent by United States Mail, postage prepaid, on this, the _____ day of March, 2013, upon:

Tom A Productions, Inc.  
Attention: George T. Andrews  
7065 Moores Lane, Suite 44  
Brentwood, TN 37027

George T. Andrews  
2044 Roderick Circle  
Franklin, TN 37064

s/ Allison A. Economy